UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ALLA ZORIKOVA, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | |
| CASEY GISH, JAMIE GREGORY, CHRISTINA SATO, ROXANNE LOPEZ, DILEY GREISER, SHANNON WEEKS, SNARL, *Southern Nevada Animal Rescue League*, VEGAS PET RESCUE PROJECT, INGRID NEWKIRK, *President of PETA*, CHELSEA MOORE, *individually, and as President for SNARL*, DOES I-X, *individuals*, and ROE I-X, *business entities*, | § § § § § § § § § § § § § | EP-21-CV-00220-DCG |
| *Defendants*. | § | |

## MEMORANDUM ORDER
## TRANSFERRING CASE

On this day, the Court sua sponte considered the above-captioned case. On September 14, 2021, Plaintiff Alla Zorikova, proceeding *pro se*, brought this diversity action, asserting multiple state-law claims, including conversion, trespass, fraud, and intentional infliction of emotional distress. According to her Complaint, Plaintiff is currently a resident of Texas, and the named defendants are residents and citizens of California, Nevada, and Virginia. Compl. at 2–4, ECF No. 1.

Plaintiff, who trains and sells personal protection German Shepherd dogs, alleges that between August 8 and 10, 2020, the defendants trespassed on her private property located in San Bernardino County, California, and stole 25 German Shepherd dogs valued at $1,150,000. *Id.* at 5–6. She brings this lawsuit to "recover damages arising from theft of her top World Class 25 German Shepherd dogs alledgedly [*sic*] stolen, sold, killed and/or destroyed by Defendants

named here and DOES 1-5." *Id.* at 1–2, 5.  In addition, she seeks certain injunctive remedies, including court orders directing the defendants to disclose information about the stolen dogs, prohibiting the defendants from selling, altering, or otherwise destroying the dogs, and instructing the defendants to return the dogs to her.  *Id.* at 14.

Plaintiff asserts that venue in the Western District of Texas is proper under 28 U.S.C. § 1391(b)(3).  Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) *if there is no district in which an action may otherwise be brought as provided in this section*, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3) (emphasis added).  "Section 1391(b)(3) is not an alternative to the other two" sections, *i.e.*, Sections 1391(b)(1) and 1391(b)(2).  14D Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3806.1 (4th ed, Apr. 2021 update).  "Section 1391(b)(3) applies *only* if there is . . . no federal district *anywhere in the United States* that satisfies either Section 1391(b)(1) or Section 1391(b)(2)."  *Id.* (italicized emphasis in original).

As noted above, this lawsuit arose from the alleged theft of Plaintiff's dogs—which occurred on her property located in San Bernardino County, California.  Thus, a substantial part of the events giving rise to Plaintiff's claims occurred in San Bernardino County, which is within the Eastern Division of the Central District of California.  28 U.S.C. § 84(c)(1).[1]  Therefore,

---

[1] *See also* United States District Court, Central District of California, Jurisdiction, at https://www.cacd.uscourts.gov/jurors/jurisdiction (last visited October 4, 2021).

- 3 -

under Section 1391(b)(2), venue is proper in the Central District of California. In turn, therefore, Section 1391(b)(3) is inapplicable, and venue is improper in the Western District of Texas.

Section 1406 provides: "The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). And Section 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.* § 1404(a). Under either statute, "a district court may transfer a case upon a motion or sua sponte." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) (citing 28 U.S.C. §§ 1404, 1406). "The district court has broad discretion in deciding whether to order a transfer." *Id.* The Court is of the opinion that this case should be transferred to the Eastern Division of the Central District of California.

Accordingly, **IT IS ORDERED** that the above-captioned case is **TRANSFERRED** to the Eastern Division of the Central District of California.

So ORDERED and SIGNED this **5th** day of October 2021.

  _____
  **DAVID C. GUADERRAMA**
  **UNITED STATES DISTRICT JUDGE**