JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-1691 JGB (SPx)** | Date | March 3, 2022 |
|---|---|---|---|
| Title | *Alla Zorikova v. Casey Gish, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None | None |

**Proceedings:   Order DISMISSING the Complaint for Lack of Subject Matter Jurisdiction (IN CHAMBERS)**

On January 27, 2022, the Court ordered Plaintiff Alla Zorikova ("Plaintiff" or "Ms. Zorikova") to show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction in light of the judicially noticed Nevada state court case, Zorikova v. Pyle, A-20-821249-C (Nev. Dist. Ct. Sept. 2, 2021), which implicates the Rooker-Feldman doctrine. ("OSC," Dkt. No. 72.)  Plaintiff timely responded on February 7, 2022.  ("OSC Response," Dkt. No. 83.)  For the reasons below, the Court finds that the Rooker-Feldman doctrine bars the Court from having subject matter jurisdiction over Plaintiff's claims.  The Complaint is DISMISSED in its entirety.

### I.   BACKGROUND

On September 15, 2020, Plaintiff filed a complaint in the Eighth Judicial District Court, Clark County, of the State of Nevada against Defendants Julie Pyle, Tammy Willet, and Vegas Shepherd Rescue.  Zorikova v. Pyle, A-20-821249-C (Nev. Dist. Ct. Sept. 2, 2021).  Plaintiff alleged claims for (1) civil conspiracy; (2) trespass; (3) theft; (4) fraud; (5) intentional infliction of emotional distress; (6) property damage; and (7) possession of stolen property.  (Id.)  The Complaint arose out of the dispossession of Plaintiff's German Shepherds.  (Id.)

On August 28, 2021, Plaintiff filed an objection to Defendant's Costs and Proposed Order to Dismiss with prejudice. (Id., "Plaintiff's State Court Objection to Defendant's Costs and Proposed Order," Dkt. No. 74.) Plaintiff states the following in that objection:

> I am filing on Monday [a] case against Gish, Gregory, SNARL, [and] Weeks in Federal District Texas Court with the same allegations as in this current case and it would be fair if Defendants Pyle, Willet and VSPR would join those Defendants to save taxpayers money instead of comming[sic] through Appeal and only than[sic] filing against these Defendants. I will ask for this case to be transferred to Federal District Texas Court if [the] Supreme Court will grand[sic] the Appeal anyway. I will not proceed further with this case in Courts of Nevada (no, thank you).

(Id. ¶ 54.)[1]

On September 2, 2021, the Nevada state court dismissed Plaintiff's complaint with prejudice, with sanctions, against Defendants Casey Gish, Julie Pyle, Tammy Willet, and Vegas Shepherd Rescue. ("September 2, 2021 State Court Dismissal," Dkt. 59-2, Ex. 3, at 2.) The Court noted that "Mr. Gish was not named as a Defendant in Plaintiff's Complaint filed on September 15, 2020…[h]owever, at some point, Plaintiff unilaterally altered the caption to include him as a Defendant." (Id. at n.1.)

On September 14, 2021, Plaintiff filed a complaint alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332 in the Western District of Texas against Defendants Casey Gish, Jamie Gregory, Christina Sato, Rozanne Lopez, Diley Greiser, Erica Weeks, SNARL, Vegas Pet Rescue Project, People for the Humane Treatment of Animals ("PETA"), and Chelsea Ward. ("Complaint," Dkt. No. 1.) Plaintiff alleged claims for (1) conversion; (2) civil conspiracy; (3) trespass; (4) fraud; (5) intentional infliction of emotional distress; (6) property damage; and (7) possession of stolen property.

## II. LEGAL STANDARD

The Rooker-Feldman doctrine prevents a federal district court from having subject matter jurisdiction to hear a direct appeal from a final judgment of a state court. See Noel v. Hall,

---

[1] The Court may take judicial notice on its own motion. Fed. R. Evid. 201(c)(1). Courts may take judicial notice of documents filed in other courts. Reyn's Pasta Bella, LLC v. Vista USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006); Hott v. City of San Jose, 92 F. Supp. 2d 966, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases.) "The existence and content of opinions and pleadings are matters capable of accurate and ready determination by resort to official court files that cannot reasonably be questioned." Silas v. Argent Mortgage Co., LLC, 2017 WL 6055842, *3 (E.D. Cal. Dec. 7, 2017). The Court finds that Plaintiff's statement is a judicial admission.

341 F.3d 1148, 1158 (9th Cir. 2003); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923).  The Supreme Court established that this doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  Even if a plaintiff frames her claim as a constitutional challenge, if she seeks what, in substance, would be appellate review of a state judgment, the action is barred by Rooker-Feldman.  See Bianchi v. Rylaarsdam, 334 F.3d 895, 901 n.4 (9th Cir. 2003).

To determine whether the Rooker-Feldman doctrine applies, a federal district court must assess whether the plaintiff is attempting to bring a "forbidden de factor appeal." See Noel, 341 F.3d at 1163.  A case is a de facto appeal "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." Id. at 1164.  If the case is a de facto appeal, the plaintiff is barred from litigating "any issues that are 'inextricably intertwined' with issues in that de facto appeal." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1142 (9th Cir. 2004) (citing Noel, 341 F.3d at 1158).  Issues presented are inextricably intertwined "[w]here the district court must hold that the state court was wrong in order to find in favor of the plaintiff."  Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Cooper v. Ramos, 704 F.3d 772, 782 (9th Cir. 2012).

### III.  DISCUSSION

After reviewing Plaintiff's Complaint, her Response to the Court's Order to Show Cause, judicially noticeable documents, and Plaintiff's judicial admission, the Court concludes that the instant case is plainly a "forbidden de facto appeal."

In her Response to the OSC, Plaintiff does not address the Court's direction to address subject matter jurisdiction in light of the judicially noticed Nevada state court filings.  (See Response to OSC.)  Instead, she states the following (among other things): "Casey Gish has never been dismissed with prejudice by none of the Courts in any of my action[sic] against him." (Id. ¶ 15.)  The Court assumes Plaintiff intended to say that Casey Gish has never been dismissed with prejudice by any court in any action by her against him.  This is patently false.  As noted above, on September 2, 2021, the Nevada state court dismissed Plaintiff's complaint with prejudice, with sanctions, against Defendants Casey Gish, Julie Pyle, Tammy Willet, and Vegas Shepherd Rescue.  ("September 2, 2021 State Court Dismissal," Dkt. 59-2, Ex. 3, at 2.)  The Court noted that "Mr. Gish was not named as a Defendant in Plaintiff's Complaint filed on September 15, 2020…[h]owever, at some point, Plaintiff unilaterally altered the caption to include him as a Defendant."  (Id. at n.1.)

In her untimely supplemental response to the Order to Show Cause, Plaintiff challenges the September 2, 2021 State Court Dismissal by alleging that "Defendant Gish inserted himself in judgment for unknown reason and without Plaintiff's awareness, and it is unknown if Eric John

was aware about this when he was signing Gish's proposed judgment that he signed unmodified." (Dkt. No. 86 ¶ 2.)  However, Plaintiff's challenge is improper—if she disagreed with the Nevada state court's judgment, her recourse was to file an appeal in state court. Instead, she specifically declined to pursue the appeal in Nevada state court and signaled that she would pursue the case in federal district court, which is the archetypal improper appeal from a state court judgment.

The Court does not have subject matter jurisdiction over this case and amendment would be futile.  The Complaint is DISMISSED WITH PREJUDICE.

The Clerk is directed to close the case.

**IT IS SO ORDERED.**